## Application of RAILWAY EXPRESS AGENCY, Inc.
### No. 5890-XP.

Railroad & Public Utilities Commission.
April 11, 1961.

David M. Turner, Miami, and James E. Thomas, Atlanta, Ga., for the applicant.

Joseph E. Silvia, Miami, for Greater Miami Traffic Association, intervenor on behalf of the applicant.

Bernard Valasin, New Smyrna Beach, for Order of Railroad Telegraphers, protestant.

Chairman WILBUR C. KING, Commissioners JERRY W. CARTER and EDWIN L. MASON participated in the disposition of this application.

BY THE COMMISSION.

Pursuant to statutory notice the commission by its duly designated examiner, William L. Weeks, held a public hearing on the application in the State Office Building, 1350 N. W. 12th Ave., Miami, on December 12, 1960.

The examiner's report and proposed order were served on all the parties. No exceptions to the proposed order have been filed with the commission. The entire record, including the application, the testimony adduced at the public hearing, and the examiner's report and proposed order, have all been examined by the full commission. Being fully advised in the premises, the commission now enters its own order in the cause.

By this application Railway Express Agency, Inc., hereinafter sometimes referred to as Railway Express, seeks authority to discontinue its agency at South Miami, and include the South Miami area in the collection and delivery limits of Miami, each of which is outlined on the map marked exhibit 2. Under the proposal, applicant would continue to maintain its office in South Miami as an "On Hand Department" which, to all intents and purposes, would then be termed as a branch office of the Miami office. In other words, the South Miami office would lose its classification as an independent agency or office. In this connection applicant's company witness testified that the driver of its pickup and delivery truck would remain at the South Miami branch office from 1 P.M. until 4 P.M. each day, five days per week; that this time will be publicized and the employee on duty will be in a position to deliver shipments consigned to persons outside or inside the collection and delivery limits. The employee will also receipt for shipments brought to the branch office by patrons either inside or outside the collection and delivery limits. Daily pickup and delivery service out of the Miami terminal will be performed within the published collection and delivery limits of South Miami.

Applicant proposes to list the Miami Express Office telephone number in the telephone directory, and patrons may call the Miami office without charge.

Evidence presented by the applicant shows that by far the preponderance of the traffic handled at South Miami can be delivered or picked up by applicant's driver within the limits of Miami. The evidence further shows that by means of this proposed discontinuance and consolidation, applicant could effect annual savings of approximately $7,850.

Mr. Joseph E. Silvia, assistant manager of the Greater Miami Traffic Association, appeared as an intervenor in support of the application. He testified that patrons in the South Miami area at present do not have collection and delivery service available to them by Railway Express; that they must go to the express office to make out-bound shipments and to receive in-bound traffic; and that many complaints had been received by his organization by persons in the South Miami area who desire express pickup and delivery service.

The application was opposed by the Order of Railroad Telegraphers and by three patrons of Railway Express living in the South Miami area. The business locations of two of these patrons are located within the proposed collection and delivery limits of South Miami, and both of these protestants conceded that collection and delivery service would be an added convenience to them.

After due consideration of all the evidence adduced in this matter, it appears that the proposal of Railway Express to discontinue its agency at South Miami and serve that area by pickup and delivery service from the Miami office would in reality render an improved service to its patrons in the South Miami area, and at the same time it would be able to effect substantial annual savings and economies in its operations. It further appears that if this application is granted, the applicant could possibly in the near future expand and enlarge the area in South Miami in which it would render a pickup and delivery service. Under all of the circumstances of the record, the commission is of the opinion that this application should be granted.

Now, therefore, in consideration thereof, it is ordered that the applicant is authorized to discontinue its office at South Miami, on the condition that the applicant, by proper tariff publications, include the South Miami area within the collection and delivery limits of Miami; and further that the applicant maintain an "On Hand Department" at the present location of its express office, at which an employee will be available during the hours from 1 P.M. until 4 P.M. each day, five days per week, to receive and deliver express traffic.

It is further ordered that the applicant is directed to maintain the above office hours at its South Miami branch office, making no change therein without prior notice to and approval by this commission.

Commissioner JERRY W. CARTER dissents.